IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LENORE E. O'BRIEN,

    Plaintiff,

v.                                          Case No. 15-CV-429

UNITY HEALTH PLANS INSURANCE
CORPORATION,

    Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Defendant Unity Health Plans Insurance Corporation ("Unity") respectfully requests summary judgment on Plaintiff Lenore O'Brien's ("O'Brien") sole claim in this action under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). The EPA generally prohibits an employer from paying employees of one sex less than employees of the opposite sex for "equal work," unless the differential results from factors unrelated to sex. 29 U.S.C. § 206(d)(1). O'Brien claims that she was discriminated against because she was paid a lower base salary than Ryan Pelz, Unity's only other Large Group Account Executive. However, Unity has established that it based the differential in their base salaries upon the following, all of which are factors "other than sex": (1) Pelz had more experience selling group health insurance plans, by more than six years; (2) Unity

stopped awarding base salary increases to either Large Group Account Executive, because both O'Brien and Pelz were paid generously, far in excess of the maximum salary range, and because they both had the opportunity to increase their compensation through sales incentives; and (3) Unity believed that Pelz was a more consistent, year-round performer than O'Brien.

O'Brien has not refuted and cannot refute these factors to prevail on her EPA claim. Indeed, at her deposition, she either conceded them or admitted that she does not have any evidence to rebut these factors.  As such, the Court should grant summary judgment and dismiss O'Brien's Complaint in its entirety.

## UNDISPUTED FACTS

The undisputed facts are set forth in Unity's Proposed Findings of Fact, filed herewith.

## ARGUMENT

A.   **Summary Judgment Standard.**

Summary judgment is no longer a disfavored remedy in employment cases. *See United Ass'n of Black Landscapers v. City of Milwaukee,* 916 F.2d 1261, 1267-68 (7th Cir. 1990). Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Id.* at 248. The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B.     Plaintiff Has No Actionable Claim Under the EPA.**

O'Brien claims that Unity violated the EPA by paying her a lower base salary than Pelz. However, based upon the undisputed facts, the differential was based upon factors unrelated to sex.

In order to establish a prima face case under the EPA, a plaintiff must show: "(1) that different wages are paid to employees of the opposite sex; (2) that the employees do equal work which requires equal skill, effort, and responsibility; and (3) that the employees have similar working conditions." *Fallon v. Illinois*, 882 F.2d 1206, 1208 (7th Cir. 1989) (citations omitted). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to simply show that the "pay disparity is due to: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor other than sex." *Id.* at 1211 (citing 29 U.S.C. § 206(d)(1)(i)-(iv)).

The "any other factor other than sex" affirmative defense is "a broad 'catch-all' exception and embraces an almost limitless number of factors, so long as they do not involve sex." *Fallon*, 882 F.2d at 1211; *see also Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1462 (7th Cir. 1994). Indeed, this "factor need not be related to the requirements of the particular position in question, nor must it even be business-related." *Dey*, 28 F.3d at 1462. As the Seventh Circuit has repeatedly explained, its inquiry is not to "second-

3

guess the employer's business judgment" when determining whether a wage differential is based on any factor other than sex. *Dey*, 28 F.3d at 1462; *see also Fallon*, 882 F.2d at 1211 ("courts and administrative agencies [must not] substitute[e] their judgment for the employer's judgment").

Here, even if Plaintiff is able to establish a prima face case of discrimination under the EPA,[1] Unity has unequivocally demonstrated that the pay differential between O'Brien and Pelz was based upon a combination of undisputed facts. First, Pelz started with more than six years' experience selling group health insurance, compared to O'Brien's zero years of similar experience. (DPFOF[2] ¶ 23.) To be sure, this higher level of experience continued through the remainder of O'Brien's employment at Unity. (Id.) For instance, by the end of O'Brien's employment in 2014, Pelz had twelve years of experience selling group health insurance and O'Brien only then reached six years of experience.

Experience is a well-settled non-discriminatory reason for the wage disparity already accepted by the Seventh Circuit. *See, e.g., Fallon*, 882 F.2d at 1212 (experience "is perfectly permissible and a valid affirmative defense under the Equal Pay Act"). For instance, in *Wollenburg v. Comtech Manufacturing Co.,* 201 F.3d 973, 975 (7th Cir. 2000), the plaintiff, a former production supervisor, brought an EPA claim against her former employer. The plaintiff was able to establish a prima facie case by establishing that she

---

[1] Should this case proceed beyond summary judgment, Defendant may challenge Plaintiff's failure to establish a prima facie case under the EPA.

[2] "DPFOF" refers to Defendant's Proposed Findings of Fact, filed with Unity's Motion for Summary Judgment.

4

earned a lower wage rate than three male production supervisors for doing equal work. *Id.* at 976. The employer argued that it paid the male supervisors more as they had more relevant experience. *Id.* While conceding that two of the males had more relevant experience, the plaintiff then argued that the third male's twenty-six years of experience as a grocery store meat manager did not warrant his being paid more, as the plaintiff had four years of experience managing a Merry Maid subfranchise. *Id.*

In upholding the district court's grant of summary judgment to the employer, the Seventh Circuit found that the male supervisors' more extensive experience demonstrated that the wage disparity was based on a factor other than sex. *Id.* The court explained that it was not its role to decide whether the employer should have paid the male with twenty-six years of unrelated supervisory experience more than the plaintiff's four years of unrelated supervisory experience. *Id.* Rather, it was sufficient that the male had more supervisory experience than the plaintiff did. *Id.* Accordingly, because there was no genuine issue of material fact regarding the employer's reason that experience was a basis for the wage disparity between the plaintiff and male comparators, summary judgment was appropriate. *Id.*; *see also Hutchins v. Int'l Brotherhood of Teamsters,* 177 F.3d 1076, 1081-82 (8th Cir. 1999) (upholding summary judgment for employer on EPA claim where the male comparators' greater experience in union organizing constituted a factor other than sex); *Covington v. Southern Illinois Univ.,* 816 F.2d 317, 324 (7th Cir. 1987) (noting that male predecessor's greater experience in the field of music and possession of a degree were factors other than sex that could explain the wage disparity between the plaintiff and male).

5

Here, the pay differential was based on Pelz's relevant experience (as of his and O'Brien's start dates and through the remainder of O'Brien's employment), a wholly gender-neutral factor, that is supported by the undisputed evidence in the record, and requires summary judgment on O'Brien's EPA claim. *See Covington*, 816 F.2d at 317 (salary history and experience level are lawful justifications for disparity in salaries of plaintiff and her male comparator); *Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1140 (7th Cir. 1997) (holding that employer's gender neutral policy of proportioning raises based upon existing salary rather than seeking to bring all employees abreast regardless of past salaries was a "complete defense" to compensation discrimination claim); *Ottman v. City of Independence*, 341 F.3d 751, 759 (8th Cir. 2003); *Dey,* 28 F.3d at 1462 (affirming summary judgment in favor of employer where male employee's superior educational background, warranting a higher salary, was "unrelated to his sex").

O'Brien shall likely try to argue (as she did at her deposition) that she had "broader" experience than Pelz and should have been given a higher base salary. (O'Brien Dep. 18–19.)  This subjective assertion is of no consequence; as explained in *Wollenburg,* it is not the Court's role to second-guess the employer's judgment as to what experience is important and what is not. 201 F.3d 973, 976 (7th Cir. 2000).  Here, Unity declined to raise O'Brien salary offer based on the alleged "broad" experience where Pelz had more relevant experience selling group health insurance. (O'Brien Dep. 18–19; DPFOF ¶ 23.)  What O'Brien believes she "should" have been paid is irrelevant to the legal analysis.  Moreover, the job description refutes this argument, as it proves

6

that Unity placed a premium on sales experience in the "health insurance industry." (DPFOF ¶ 9.) Pelz had experience in the health insurance industry; O'Brien did not. (DPFOF ¶¶ 14, 19.)

O'Brien's Amended Complaint also alleges that she exceeded her sales goals but was denied merit increases to her salary. This allegation relates to the second reason for the differential, and simply proves that Unity's practice regarding merit increases was applied consistently between O'Brien and Pelz. Both O'Brien and Pelz received a two percent raise in based salary in 2011. (DPFOF ¶ 25.) However, beginning in 2012, Unity discontinued salary merit increases for the Large Group Account Executives because both were already paid in excess of the maximum salary under their pay range and were able to increase their compensation by selling more group insurance plans. (DPFOF ¶¶ 26–27.) As such, neither O'Brien nor Pelz received merit increases to their base salaries from 2012 to 2014 (when O'Brien resigned). (DPFOF ¶ 29.) Plaintiff concedes that this practice applied equally to her and Pelz. (O'Brien Dep. 27:2–4.)

Third, when O'Brien asked for a salary increase to match Pelz's, Unity declined because not only did Pelz have more experience, but Unity also believed Pelz to be the more consistent performer. (DPFOF ¶ 40–41.) O'Brien will likely argue that her base salary should have been more than or equal to Pelz's salary, because she believes that it was important to targeting larger groups, as opposed to targeting smaller groups on a more year-round basis. Yet, O'Brien has conceded that Unity instructed her on multiple occasions to increase her year-round sales, and conceded that any employer would want its salespersons to have higher year-round sales. (DPFOF ¶¶ 31, 32, 38.) Again,

7

just because O'Brien believes she "should" have been compensated more for concentrating on larger groups with more members, it is not the Court's role to second-guess Unity's decision that consistent, year-round sales were preferred.

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment on Defendant's behalf and dismiss Plaintiff's Complaint with prejudice.

Dated this 24th day of May, 2016.

                                      **MICHAEL BEST & FRIEDRICH LLP**
                                      Attorneys for Defendant Unity Health Plans Insurance Corporation

                                      By: /s/Amy O. Bruchs
                                      Amy O. Bruchs, SBN 1021530
                                      Holly E. Courtney, SBN 1081696

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Post Office Box 1806
Madison, WI 53701-1806
Phone: 608.257.3501
Facsimile: 608.283.2275
Email: aobruchs@michaelbest.com
       hecourtney@michaelbest.com